IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-64,232-01






EX PARTE MARVIN DOMINEY,

A.K.A. VERNON MARVIN DOMINEY, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS 

CAUSE NO. 22,353 IN THE 217TH/ 159TH JUDICIAL DISTRICT COURT

ANGELINA COUNTY




 Per curiam. Keller, P.J., dissented.

 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant was convicted of the offense of aggravated sexual assault of a child, and
punishment was assessed at thirty (30) years' confinement. No direct appeal was taken.

 Applicant contends that he was denied the right to appeal when trial counsel failed to
file an appeal or advise Applicant of his right to appeal. 

 The trial court has entered findings of fact or conclusions of law finding that
Applicant waived the right to appeal and that counsel was effective. However, we do not
believe that those factual findings are sufficient to completely resolve the issues presented. 
Because Applicant has stated facts requiring resolution and because this Court cannot hear
evidence, it is necessary for the matter to be remanded to the trial court for resolution of
those issues. The trial court shall resolve those issues as set out in Tex. Code Crim. Proc.
art. 11.07, § 3 (d), in that it may order affidavits, depositions, or interrogatories from counsel
or it may order a hearing. In the appropriate case the trial court may rely on its personal
recollection. 

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 The trial court shall then make findings of fact as to whether a plea bargain existed,
and whether Applicant's waiver of the right to appeal was part of the plea agreement. If the
court finds that there was no plea bargain, the trial court shall make findings of fact as to
whether Applicant was advised of the right to appeal, whether Applicant informed counsel
that he wished to appeal, and whether counsel advised Applicant of the steps to perfect an
appeal. The trial court shall also make any further findings of fact and conclusions of law
it deems relevant and appropriate to the disposition of the application for writ of habeas
corpus.

 The trial court shall supplement the habeas record with copies of all documents upon
which its findings are based, including copies of the indictment, judgment, plea bargain
papers, waivers, admonishments, excerpts of the trial transcript, affidavits from counsel, and
any other relevant documents.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. The trial court shall resolve
the issues presented within ninety (90) days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within one hundred twenty (120) days of the date of
this order. (2)


 IT IS SO ORDERED THIS THE 29TH DAY OF MARCH, 2006.




EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.